## FRANCIS M. JONES *vs.* ALDEN WERDEN.

A justice of the peace is not liable to an action for not sending up the recognizance of an appellant from his decision in a civil case, if the same is not demanded of him and his fees tendered therefor.

SHAW, C. J. This is a suit in the nature of an action on the case, for neglect of official duty, by the plaintiff, against the defendant, a justice of peace. The plaintiff brought a

civil action before the defendant, as a justice of peace; judgment was rendered against him. He claimed an appeal, the appeal was allowed, and the appellant recognized in due form. The gravamen of the present case is, that the defendant did not transmit to the appellate court, a copy of the recognizance. We are not aware that it is the duty of a justice of peace, from whose judgment an appeal has been taken, personally to send any papers to the appellate court. On the contrary, by the Rev. Sts. *c.* 85, § 15, the appellant shall produce at the court appealed to, a copy of the record, and of all the papers filed in the case, except, &c. Of course, the appellant is to apply to the justice for such copies, and tender his fees therefor, if required, and until such application, the magistrate is in no default. This appears too plain for doubt, and we can hardly conceive that a question could have been raised about it, but for a fact which appears in the evidence. It appears that the defendant did deliver some of the papers, perhaps all, except the copy of the recognizance, to Mr. Filley, the attorney of the appellee; he brought them into court, and the appellant, perhaps without examination, improvidently relied upon them as the complete and full copies, which he should have procured and produced in court. This mistake of the appellant or his attorney, in not applying for the papers, or in not examining to see if they were complete, could not subject the magistrate to any liability. Had the appellant applied for the copies, and the defendant refused or neglected to make them out, authenticated in due form, and to deliver them to the appellant, on request, it would have presented a different question.

*Judgment on the facts agreed for the defendant.*

*J. C. Wolcott,* for the plaintiff.

*W. T. Filley,* for the defendant.